THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANSON GRAVES, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | Civil Action |
| v. : | No. 3:68-cv-681 (CAR) |
| : | |
| WALTON COUNTY BOARD OF : | |
| EDUCATION, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

**ORDER ON MOTION FOR DECLARATION OF UNITARY STATUS**

This case is before the Court on Defendant Walton County Board of Education's Motion for Declaration of Unitary Status (Doc. 213). In seeking a declaration of unitary status, Walton County seeks the dissolution of a July 30, 1968 decree enjoining it and the City of Social Circle from discrimination on the basis of color in the operation of the county and city school systems. Dissolution of the decree would release Walton County from the continuing supervision of the Court. No doubt much has changed in Walton County in the forty years since the decree was entered, and it may indeed be time to reevaluate the Court's role in supervising the County's compliance with its Constitutional obligations.

Nevertheless, dissolution or modification of such a decree is a momentous decision that cannot be undertaken lightly. To show that it has achieved unitary status, a school district must show (1) that it has fully and satisfactorily complied with the court's desegregation orders for a reasonable period of time, (2) that it has eliminated the vestiges of past *de jure* discrimination to the extent practicable, and (3) that it has demonstrated a good faith commitment to the whole of the Court's order and to those provisions of the law and the Constitution which were the predicate for

judicial intervention in the first place.  See Missouri v. Jenkins, 515 U.S. 70, 87-89 (1995); Freeman v. Pitts, 503 U.S. 467, 491-92, 498 (1992).  In evaluating the school board's compliance, the Court will consider the six areas commonly known as the Green factors: (1) student assignment; (2) faculty; (3) staff; (4) transportation; (5) extracurricular activities; and (6) facilities.  Green v. County School Bd. of New Kent County, 391 U.S. 430, 435 (1968).   As it currently stands, the record in this case is insufficient for the Court to undertake the necessary review to determine unitary status.  Accordingly, the Motion for Declaration of Unitary Status is presently **DENIED**, without prejudice to Walton County's right to refile its motion.  The parties are directed to undertake such discovery as is necessary over the next 120 days and to prepare a more complete record.  The record should include any stipulations of fact that the parties can agree to and a summary of the material facts in dispute.  A renewed motion for declaration of unitary status should set forth a brief history of Walton County's efforts to comply with the desegregation order and a discussion of the factors listed above.

     SO ORDERED, this the 24th day of August, 2006.


                                            S/ C. Ashley Royal
                                            C. ASHLEY ROYAL, JUDGE
                                            UNITED STATES DISTRICT COURT